## Maynard v. Maynard et al.

### Oct. 12, 1943.

E. J. Picklesimer and Willis Staton for appellant.

J. J. Moore and A. F. Childers for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Dismissing appeal.

A review of the opinion in the case of Maynard v. Maynard et al., in 292 Ky. 638, 167 S. W. (2d) 853, furnishes the background for this appeal. In that case we reversed a judgment approving the conveyance of a tract of land, which had belonged to Talmage Maynard, to the Pikeville National Bank & Trust Company by the master commissioner of the Pike Circuit Court, and the conveyance of the same property by the Bank to J. E. Maynard. We directed that those deeds be cancelled and the property conveyed to Talmage Maynard upon

his tender of the amount of his debt, interest and costs within a reasonable time. It was further directed that the property be resold in the event he did not make the tender. After the mandate was filed the judge of the Pike Circuit Court set aside the aforementioned deeds and gave Talmage Maynard a reasonable time in which to make the tender. In due time Maynard tendered the sum of $1,566.04, but he caused to be inserted in the order making the tender his claim that the judgment was wrong to the extent of $174.70. This amount represented interest during a period in which he said he had made a tender while the former action was pending. Thereafter the master commissioner executed a deed to Talmage and the property was delivered to him. On this appeal he is challenging the correctness of the trial court's ruling on the interest charge of $174.70. The appellees have filed a motion to dismiss the appeal on the ground the amount in controversy is less than $200. KRS 21.060. Potter v. Garrison et al., 161 Ky. 438, 171 S. W. 147; Fidelity-Phenix Fire Ins. Co. v. Henry, 248 Ky. 818, 60 S. W. (2d) 111.

Talmage Maynard has also filed in this Court what he terms a ''Motion For A Rule'' against the judge of the Pike Circuit Court, and has asked that this motion be consolidated with his appeal. The purpose back of the rule is to require the trial judge to enter a judgment in conformity with the appellant's interpretation of our opinion in the first case. The motion for the rule is predicated upon the same ground as is the appeal, namely, the questioned interest charge, amounting to $174.70. The amount in controversy is not sufficient to give us jurisdiction of the cause, and we are not disposed to take jurisdiction on the basis of the motion, even if it should be considered as a petition for mandamus against the trial judge, because an error made by a trial court in entering judgment in conformity with a mandate of this Court would be reviewable on appeal.

Wherefore, the motion for a rule is overruled, and the appeal is dismissed.